FILED

2021 Aug-03  AM 10:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| AARON LAMONT JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:19-cv-01707-AMM-SGC |
| | ) |
| T. MICHAEL ANDERTON, *et al*., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The plaintiff, Aaron Lamont Johnson, filed a *pro se* complaint and supplemental complaint pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Constitution and other laws. Docs. 1, 5. The magistrate judge entered a report on March 9, 2021, recommending the court dismiss Mr. Johnson's federal claims without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1)–(2), for failing to state a claim upon which relief can be granted and for seeking monetary relief from defendants immune from such relief. Doc. 22 at 20. The magistrate judge further recommended the court dismiss Mr. Johnson's state law claim and deny his pending motion to alter, amend, or vacate judgment, which motion urged the magistrate judge to reconsider earlier decisions denying injunctive relief. *Id.* at 18, 20; Doc. 20. Mr. Johnson has filed objections to the report and recommendation.

Doc. 25. As discussed below, Mr. Johnson's objections are overruled, and this matter is dismissed.

## A. Objections I & VI

Mr. Johnson contends the magistrate judge failed to consider that defendants Anderton, Todd, and Streety were once employed together at the Jefferson County District Attorney's Office, where they argued against his petitions for post-conviction relief. Doc. 25 at 1–4, 9. He argues that, as a result, Judges Todd and Streety were "disqualified" from presiding over his petitions. *Id*. at 9.

Mr. Johnson did not allege these facts in his complaint or supplemental complaint and raises this argument for the first time in his objections. Docs. 1, 5. Mr. Johnson asserted in his complaint and supplemental complaint that Judges Todd and Streety conspired to violate his constitutional right to access the courts, not that Todd and Streety were disqualified from presiding over his cases. Docs. 1, 5. This court has discretion to decline to consider an argument not presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290-91 (11th Cir. 2009). The magistrate judge advised Mr. Johnson that his objections should not contain new allegations or present additional evidence. Doc. 22 at 21 ("Objections should not contain new allegations, present additional evidence, or repeat legal arguments."). The court will not address Mr. Johnson's new factual allegations at this stage, and his Objections I and VI are overruled.

2

**B. Objection II**

Next, Mr. Johnson objects to the magistrate judge's recommendation to dismiss his claims for damages against the defendants in their official capacities and alleges he did not seek such relief. Doc. 25 at 4–5. But Mr. Johnson stated in his original complaint that he sued the defendants in their official capacities; he checked the "Official Capacity" box for each defendant on the Prisoner Complaint for Violation of Civil Rights form. Doc. 1 at 2–3. And his supplemental complaint asserts state law claims against the defendants in their "official and personal/individual capacities" and requests damages in the amount of three million dollars. Doc. 5 at 1–2. The magistrate judge correctly found the defendants are state actors, immune from suit in their official capacities for monetary damages. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–02 (1984). Accordingly, Objection II is overruled.

**C. Objection III**

Mr. Johnson restates his claims that the defendants conspired to deny him access to courts. Doc. 25 at 5–7. Mr. Johnson speculates that because the Jefferson County Circuit Court did not receive his petitions for post-conviction relief, the defendants must have engaged in some conspiracy to deter him from obtaining relief. The magistrate judge correctly found Mr. Johnson has made only conclusory allegations of a conspiracy among the defendants. Mr. Johnson fails to allege

supporting operative facts that the defendants reached an understanding to violate his constitutional rights, and under controlling precedent this failure requires dismissal of his conspiracy claim. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002) (explaining that to establish a prima facie case of § 1983 conspiracy, a plaintiff must show the defendants reached an understanding to violate his rights) (internal quotation marks omitted); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (affirming dismissal without prejudice of a § 1983 complaint as frivolous when it presented merely a "naked assertion of a conspiracy" between the defendants "without supporting operative facts"). Mr. Johnson's general and conclusory claims are insufficient to state a claim for relief. Objection III is overruled.

### D. Objections IV, V, & VIII

Mr. Johnson objects to the dismissal of his claims against Jefferson County Circuit Clerk Smith on the ground that the magistrate judge should have found that Smith violated Alabama Code § 12-17-94(a)(2)–(3)[1] by failing to notify Judges

---

[1]  Ala. Code § 12-17-94(a)(2)–(3) provides the duties of circuit court clerks include:

> (2) To keep a consolidated docket sheet of civil and criminal cases, the names of the parties, the character of action or offense, the names of the attorneys and the sheriff's return, which shall be entered in all civil and criminal cases standing for trial, in the order in which they are brought, and the bench notes, orders, rulings on motions and pleadings, other preliminary matters and final judgment which have been made in each case by the judge, which shall be the official minutes.

Todd and Streety that he had filed petitions for post-conviction relief and by refusing to provide him with court documents related to his youthful offender proceedings. Doc. 25 at 7–8, 11. However, Mr. Johnson alleged in his complaint that Smith violated his constitutional right to access the courts, the Freedom of Information Act, and the Alabama Open Records Act. Doc. 1 at 32, 39–40. He did not state a claim for relief against Smith under Ala. Code § 12-17-94(a)(2)–(3). Accordingly, his objection based on that statute fails.

Moreover, to the extent Mr. Johnson alleges Smith violated his constitutional right to access the courts by failing to provide him documents related to his youthful offender proceedings and plea agreement, Doc. 25 at 7–8, 11, he has not asserted why Smith's alleged failure hindered his efforts to pursue a legal claim. He acknowledges he submitted petitions for post-conviction relief to the Jefferson County Circuit Court. Docs. 1, 5. Further, Mr. Johnson does not dispute that Smith was not employed as Circuit Clerk when he allegedly filed his petitions in 2016 and 2017 and, therefore, would not have been responsible for filing those petitions. Objections IV, V, and VIII are overruled.

**E. Objection VII**

---

(3) To keep all papers, books, dockets, and records belonging to their office with care and security, with the papers filed, arranged, numbered, and labeled, so as to be of easy reference, and the books, dockets and records properly lettered. Parties shall be allowed to inspect the records free of charge.

Mr. Johnson objects to the dismissal of his claim for damages against defendant former District Attorney Anderton based on prosecutorial immunity and argues that he is entitled to a declaratory judgment because of Anderton's alleged constitutional violations. Doc. 25 at 10. Because Mr. Johnson has not pleaded facts sufficient to establish that Anderton violated his constitutional rights—namely that he conspired to deny Mr. Johnson access to courts or personally tampered with or destroyed his petitions and accompanying motions—Mr. Johnson has not stated a claim for declaratory judgment on his claims against Anderton. Accordingly, Objection VII is overruled.

## F. Objection IX

Similarly, Mr. Johnson objects to the report and recommendation on the ground that he seeks "only declaratory and injunctive relief from the defendants Todd and Streety." Doc. 25 at 12. "Alongside judicial immunity from damages, judges also receive protection from declaratory and injunctive relief. To receive declaratory or injunctive relief against a judicial officer under Section 1983, the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable." *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020); *accord McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018). Moreover, a plaintiff seeking to overcome judicial immunity must assert the absence of an "adequate remedy at law." *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir.

2000); *Sibley v. Lando*, 437 F.3d 1067, 1073–74 (11th Cir. 2005) (finding that right to appeal is an adequate remedy at law).

Judges Todd and Streety are absolutely immune from Mr. Johnson's claim because Mr. Johnson does not assert that: (1) they violated a declaratory decree; or (2) declaratory relief is otherwise unavailable. Additionally, Mr. Johnson does not assert the absence of an adequate remedy at law and may address his claims in the state-court appellate process. *See Bolin*, 225 F.3d at 1242; *Sibley v. Lando*, 437 F.3d 1067, 1073–74 (11th Cir. 2005). Objection IX is overruled.

### G. Objection X

Mr. Johnson generally objects to the recommended dismissal of his claims and requests release from prison. Doc. 25 at 12–13. However, habeas corpus is the exclusive remedy for a prisoner to attack the validity of his conviction or confinement, and Mr. Johnson may not raise such arguments in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, Objection X is overruled.

### H. Objection XI

Finally, Mr. Johnson objects to the magistrate judge's recommendation to deny his motion to alter, amend, or vacate judgment. Doc. 25 at 13. The motion restates Mr. Johnson's claims and arguments presented in his first motions for temporary restraining order and preliminary injunction. *Compare* Doc. 20 *with* Docs. 6, 18. The court denied those motions, as well as Mr. Johnson's motion

seeking reconsideration on the issue. Docs. 9, 19; *see* Doc. 10. Mr. Johnson has provided no additional facts or arguments. Accordingly, Objection XI is overruled.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's objections, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** her recommendation. Mr. Johnson's objections are **OVERRULED**. Doc. 25. Therefore, in accordance with 28 U.S.C. § 1915A(b)(1)–(2), Mr. Johnson's federal claims are dismissed without prejudice for failing to state a claim upon which relief can be granted and for seeking monetary relief from a defendant who is immune from such suit. Additionally, Mr. Johnson's state law claim asserted in the complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). Finally, Mr. Johnson's motion to alter, amend, or vacate judgment, Doc. 20, is denied.

A Final Judgment will be entered.

**DONE** and **ORDERED** this 2nd day of August, 2021.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE